NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1569
_____

CHANDLER P. SMITH,
                                        Appellant

v.

SECRETARY OF DEPARTMENT OF ENVIRONMENTAL PROTECTION
OF PENNSYLVANIA
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2:12-cv-02189)
District Judge: Honorable Mitchell S. Goldberg
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 13, 2013
Before:  FUENTES, VANASKIE and VAN ANTWERPEN, Circuit Judges

(Opinion filed: September 16, 2013)
_____

OPINION
_____

PER CURIAM

        Chandler Smith appeals pro se from the District Court's order granting the

defendant's motion to dismiss his complaint.  For the following reasons, we will affirm in

part, vacate in part, and remand to the District Court for further proceedings.

I.

Throughout 2008 and 2009, Chandler Smith interviewed four times for several engineering positions with the Department of Environmental Protection ("DEP"), but, despite his qualifications, he was not selected for employment. Smith believes that DEP refused to hire him because of his age and his disability; he was 55 years old at the time that he filed suit, and he wears a prosthetic leg. Smith alleged that during his interview with DEP Williamsport, the interviewer stopped the interview after informing Smith that the position for which he applied requires that the person be able to inspect a landfill in potentially wet weather conditions and on a slope of 3:1. The interviewer also "[s]trangely . . . asked where [Smith] was parked . . . and [Smith] said in the handicapped parking spot out front." And during his three interviews with DEP Norristown, according to Smith, the interviewer gave him conflicting information about whether he would be able to perform the job without accommodations. Smith further alleged that he "observed the workforce [at DEP Norristown] as young." For these reasons, Smith filed an EEOC charge in August 2009. Thereafter, he applied for another position with DEP Williamsport and, in March 2010, he learned that he had not been selected.

In 2012, Smith filed a complaint pro se with the Eastern District, naming the Secretary of DEP and the Commonwealth of Pennsylvania as defendants. Smith claimed that DEP refused to hire him on the basis of age and disability, and in retaliation for filing an EEOC charge, in violation of both the Age Discrimination in Employment Act (the "ADEA"), 29 U.S.C. § 621, et seq., and the Americans with Disabilities Act, (the "ADA"), 42 U.S.C. § 12112, et seq. Smith sought monetary damages and injunctive

2

relief requiring DEP to hire him.  The Secretary of DEP, the lone remaining defendant,[1] moved to dismiss the complaint, arguing that Smith's damages claims against it for an alleged failure to comply with the ADA and the ADEA were barred by the Eleventh Amendment.  The District Court agreed and granted the defendant's motion to dismiss.  Smith timely appealed.

## II.

We have jurisdiction under 28 U.S.C. § 1291, and we exercise plenary review over the District Court's order granting DEP's motion to dismiss on the basis of Eleventh Amendment immunity.  Betts v. New Castle Youth Dev. Ctr., 621 F.3d 249, 252 (3d Cir. 2010).  The Eleventh Amendment renders "an unconsenting State . . . immune from liability for damages in a suit brought in federal court by one of its own citizens." Dellmuth v. Muth, 491 U.S. 223, 229 n.2 (1989); see also Bd. of Trs. of Univ. of Ala. v. Garrett, 531 U.S. 356, 363-64 (2001) (holding that Congress did not validly abrogate the states' sovereign immunity to damages suits under the ADA); Kimel v. Fla. Bd. of Regents, 528 U.S. 62, 91 (2000) (holding that Congress did not validly abrogate the states' sovereign immunity to damages suits under the ADEA).  State sovereign immunity extends to subsidiary units and individual state employees sued in their official capacity.  See Betts, 621 F.3d at 254.  The Eleventh Amendment does, however, permit suits for prospective injunctive relief against state officials.  Ex Parte Young, 209 U.S. 123, 159-60 (1908).

---

[1] Smith subsequently withdrew his claims against the Commonwealth.

3

In ruling on Smith's complaint, the District Court analyzed the damages claims, finding them barred by the Eleventh Amendment. For substantially the reasons given, we agree with this conclusion. Accordingly, we will affirm the District Court's judgment in this respect.

The District Court did not, however, address whether the Eleventh Amendment also bars Smith's injunctive relief claims. And this is a close question to which neither the Supreme Court nor any of the circuits provides a clear answer. There does appear to be agreement that injunctive relief *returning* a former employee to employment is permissible. See Dotson v. Griesa, 398 F.3d 156, 178 (2d Cir. 2005) (finding the Eleventh Amendment did not bar claim for reinstatement to previous employment because it merely "return[ed] the former employee to the state's payroll"); Ramirez v. P.R. Fire Serv., 715 F.2d 694, 697 (1st Cir. 1983) (finding reclassification of an employee not barred by Eleventh Amendment). However, the Supreme Court has stated that "a suit may fail . . . if the relief requested cannot be granted by merely ordering the cessation of the conduct complained of but will require affirmative action by the sovereign," suggesting that a claim for injunctive relief requiring that a plaintiff be *newly* hired *may* be barred by the Eleventh Amendment. Larson v. Domestic & Foreign Commerce Corp., 337 U.S. 682, 691 n.11 (1949). As the Commonwealth agrees, the District Court should have considered this issue.

In light of the District Court's disposition of the Eleventh Amendment issue, it did not consider whether Smith stated a viable claim for prospective injunctive relief under the ADA and the ADEA. It is conceivable that the District Court could have found that.

4

Indeed, some of Smith's allegations potentially state a claim upon which relief *could* be granted. He alleges, for example, that DEP interviewers made several allegedly improper statements about his disability. Coupled with Smith's qualifications, this could plausibly state an ADA claim. See Olson v Gen. Elec. Astrospace, 101 F.3d 947, 951 (3d Cir. 1996) (listing the elements of a failure-to-hire claim under the ADA). Even if the District Court were to find Smith's allegations deficient, we cannot say at this stage that they are so deficient that amending his complaint would be futile. He could, for instance, allege more facts about the person or persons who were hired for the positions he sought. See id. But because the District Court overlooked Smith's claims for injunctive relief, it did not consider the sufficiency of Smith's pleadings, much less consider whether to afford him the opportunity to amend his complaint. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002) (holding that even when a plaintiff does not seek leave to amend, if a complaint is vulnerable to 12(b)(6) dismissal, a District Court must permit a curative amendment, unless an amendment would be inequitable or futile).

Accordingly, we will vacate the District Court's decision dismissing Smith's injunctive relief claims under the ADA and ADEA, and will remand for further consideration. We will affirm the District Court's ruling in all other respects.